USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
  KENNETH TRUSS,

                                 Plaintiff,

                -against-

CITY OF NEW YORK; OFFICER MASCIA
#17786; TRANSPORTATION CAPTAIN LEE
#888; RECORDING OFFICER VEGA #10775

                               Defendants.
-------------------------------------------------------------------

1:18-cv-06353-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

       Plaintiff Kenneth Truss is currently an inmate at the Brooklyn Detention Complex ("BKDC"). In July 2018, Plaintiff filed this case against the City of New York and three corrections officers, claiming that he was denied medical attention after he was injured in a bus accident. The City of New York has moved to dismiss the complaint in its entirety for failure to state a claim. Because Plaintiff did not exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, Defendant's motion is GRANTED.

**I.    BACKGROUND**

       On January 10, 2018, Plaintiff was injured during a motor vehicle accident which occurred while he was being transported in a Department of Correction bus. Compl. at 2-3. During the accident, Plaintiff—who was handcuffed and unbuckled in the first "cage" behind the driver—was forcefully thrown against a window and fell to the floor. *Id.* at 3. Plaintiff alleges that he was denied medical treatment at the scene of the accident, as well as upon his arrival at the BKDC, and that he now experiences constant lower back pain as a result of the accident. *Id.* He also complains of injuries to his middle and index fingers, and has been taking medication for pain management. *Id.* Plaintiff claims that his injuries were a result of the BKDC's ongoing policy of not properly securing

1

inmates who are being transported and that bus drivers were encouraged by prison officials to drive recklessly in order to deliver the inmates to court proceedings on time. *Id.* at 5.

In his complaint, Plaintiff affirmatively acknowledges that the BKDC has a grievance procedure in place. *Id.* at 4. However, Plaintiff alleges that the grievance procedure does not cover his claims. *Id.* Plaintiff did not file a grievance at the BKDC. *Id.* Instead, Plaintiff filed a claim with the New York Comptroller's Office in "late January" of 2018. *Id.* at 4-5.

On December 21, 2019, the City of New York moved to dismiss Plaintiff's complaint, asserting—among other arguments—that Plaintiff failed to exhaust his available administrative remedies as required by the PLRA. Dkt. No. 23. According to the briefing schedule entered by the Court on December 10, 2019, Plaintiff's opposition to the motion to dismiss was due no later than four weeks following the service of Defendant's motion. Dkt. No. 21. On February 20, 2019, the Court entered an order noting that Plaintiff had not yet filed an opposition to Defendant's motion and extending the time for Plaintiff to file his opposition to March 6, 2019. Dkt. No. 28. To date, Plaintiff has not filed an opposition to Defendant's motion to dismiss his complaint.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a

plaintiff to allege facts that are consistent with liability; the complaint must "nudge" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In determining the adequacy of a claim under Rule 12(b)(6), a court is generally limited to "facts stated on the face of the complaint," "documents appended to the complaint or incorporated in the complaint by reference," and "matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). Legal conclusions, unlike facts, are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678. A complaint that offers "labels and conclusions" or "naked assertions" without "further factual enhancement" will not survive a motion to dismiss. *Id.* (internal alternation omitted) (citing *Twombly*, 550 U.S. at 555, 557).

Because Plaintiff is proceeding *pro se*, the Court must liberally construe Plaintiff's submissions and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation omitted)); *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013))). This mandate "applies with particular force when a plaintiff's civil rights are at issue." *Bell v. Jendell*, 980 F. Supp. 2d 555, 558-59 (S.D.N.Y. 2013) (quoting *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009)). However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Bell*, 980 F. Supp. 2d at 559 (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a *pro se* complaint is nevertheless

appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997))).

### III. DISCUSSION

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The exhaustion requirement applies to all prisoners seeking redress for any prison circumstances or occurrences." *J.S. v. T'Kach*, No. 11 CIV. 103 NRB, 2014 WL 4100589, at *5 (S.D.N.Y. Aug. 20, 2014) (internal quotation marks and citation omitted). Furthermore, the PLRA requires "proper exhaustion," meaning that prisoners must complete the administrative review process as prescribed in the applicable procedural rules. *Lowman v. Baird*, No. 16-CV-6518 (VSB), 2017 WL 6403519, at *5 (S.D.N.Y. Dec. 14, 2017) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Accordingly, the exhaustion of administrative remedies must comply with the particular prison's grievance program's deadlines and rules. *Martinez v. Kellog*, No. 11 Civ. 9427 JPO, 2012 WL 4040031, at *2 (S.D.N.Y. Sept. 12, 2012) (citing *Woodford v. Ngo*, 548 U.S. 81, 94 (2006)). However, because exhaustion is an affirmative defense, a complaint may only be dismissed for failure to exhaust "if nonexhaustion is clear from the face of the complaint." *J.S. v. T'Kach*, 2014 WL 4100589, at *1 (quoting *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003)).

The Inmate Grievance and Request Program (IGRP) is the applicable administrative procedure for inmates in the custody of New York City Department of Correction (NYC DOC). *Drew v. City of New York*, No. 16 CIV. 0594 (AJP), 2016 WL 4533660, at *6 (S.D.N.Y. Aug. 29, 2016); *see also Swanston v. Dep't of Corr.*, No. 11 CIV. 1219 CM, 2011 WL 5105489, at *2 (S.D.N.Y. Oct. 27, 2011) (taking judicial notice of the IGRP procedures). Plaintiff is an inmate at BKDC, which operates under the NYC DOC, and he is therefore required to comply with the directives of

the IGRP for incidents that occur during his incarceration. The IGRP provides for a five-step process, which must be completed in its entirely for the exhaustion requirement to be fulfilled. *Rivera v. Anna M. Kross Ctr.*, No. 10 CIV. 8696 RJH, 2012 WL 383941, at *3 (S.D.N.Y. Feb. 7, 2012). The first step of the process is to submit a grievance form. After the grievance form is received by the Inmate Grievance Resolution Committee, the committee has five business days in which to reach an informal resolution of the issue. *Id.* If the committee cannot reach a resolution or the inmate does not agree with the proposed resolution, the inmate may appeal the committee's decision and request a formal hearing. *Id.*

Here, Plaintiff never filed a grievance with the prison. Compl. at 4. Instead, Plaintiff filed a complaint with the New York City Comptroller's Office. *Id*. at 4-5. In doing so, Plaintiff failed to exhaust the administrative remedies that are prescribed in the IGRP, as required by the PLRA. Although Plaintiff states in his complaint that the incident which forms the factual predicate of this action was not covered by the prison's grievance policy, that statement is at odds with the clear language of the IGRP.[1] The IGRP describes its scope to cover any "issue, condition, practice, or action relating to [an] inmate's confinement." City of New York, Dep't of Correction, Inmate Grievance and Request Program § II.A (Mar. 13, 2008) (hereinafter "IGRP").[2] While the policy does include exceptions to the grievance process requirement for certain types of incidents—for example, allegations of assault or harassment—it specifically lists "transportation" as one of the categories of incidents that are subject to the IGRP. IGRP, App'x A. Accordingly, because the accident that gave rise to Plaintiff's claim is not exempted from the IGRP, and because Plaintiff

---

[1] Although for purposes of this motion the Court accepts all of the factual allegations in Plaintiff's complaint as true, the issue of whether Plaintiff's complaint falls within the scope of the IGRP is a legal question, not a factual question. *See Snider v. Melindez*, 199 F.3d 108, 113-14 (2d Cir. 1999) ("Whether an administrative remedy was available to a prisoner in a particular prison or prison system, and whether such remedy was applicable to the grievance underlying the prisoner's suit, are not questions of fact. They either are, or inevitably contain, questions of law."). Thus Plaintiff's assertion that his complaint was not covered by the IGRP is a legal conclusion not entitled to an assumption of truth.
[2] The policy is available in full at
http://www.nyc.gov/html/doc/downloads/pdf/Directive_3376_Inmate_Grievance_Request_Program.pdf.

failed to file a grievance in accordance with the IGRP, Plaintiff has not exhausted his administrative remedies as required under the PLRA. *See Carrasquillo v. City of New York,* 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004) (dismissing inmate's claims against the City of New York arising out of a NYC DOC bus accident because inmate did not "grieve[] his claims regarding the bus accident in accordance with DOCS procedures").[3]

## IV. CONCLUSION

For the foregoing reason, Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) is GRANTED. The Clerk of Court is directed to close the motion pending at Dkt. No. 25, to enter judgment for Defendants, to close this case, and to mail a copy of this order to Plaintiff by certified mail and by regular, first-class mail.

SO ORDERED.

Dated: June 11, 2019
New York, New York

GREGORY H. WOODS
United States District Judge

---

[3] Although the Corporation Counsel has not filed a notice of appearance on behalf of the individual defendants, the City of New York's motion to dismiss raises arguments on behalf of the individual defendants as well as the City. Because Plaintiff's failure to exhaust his administrative remedies also bars his complaint against the individual defendants as well as the City of New York, the Court dismisses Plaintiff's complaint in its entirety.